IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PHYLLIS SELL,

        Plaintiff,                            13cv0215
                                                 **ELECTRONICALLY FILED**

        v.

BC INTERNATIONAL GROUP, ET AL.,

        Defendants.

## MEMORANDUM ORDER RE: DEFENDANTS' MOTIONS TO DISMISS
## (DOC. NO. 9 AND 12)

*I.    Introduction*

This case is an employment discrimination case in which Phyllis Sell ("Plaintiff") alleges causes of action for employment discrimination, hostile work environment and harassment based upon gender and age, and retaliation for engaging in protected acts against Defendants BC International Group, Inc. ("BC International"), Saks Incorporated ("Saks Fifth Avenue"), Karen Peter ("Ms. Peter") and John Raptis ("Mr. Raptis"). Presently before the Court are two Motions to Dismiss: one filed by Saks Fifth Avenue (Doc. No. 9) and one filed by BC International and Mr. Raptis (Doc. No. 12). As discussed at the Court's May 13, 2013, Initial Case Management Conference, as of this date, Ms. Peter has not be served a copy of Plaintiff's Complaint. The Court ordered Plaintiff to promptly serve Ms. Peter.

After careful consideration of Plaintiff's Complaint (Doc. No. 1), Defendants' Motions to Dismiss (Doc. Nos. 9 and 12), briefs in support thereto (Doc. Nos. 10 and 13), Plaintiff's Responses in Opposition (Doc. Nos. 17 and 18), and Defendants BC International and Raptis' Reply in Opposition (Doc. No. 27), the Court will deny Defendant Saks Fifth Avenue's Motion

to Dismiss (Doc. No. 9) and grant in part and deny in part Defendants BC International and Mr. Raptis' Motion to Dismiss, for the following reasons.

## II. Statement of Facts

Taken as true solely for the purposes of this Memorandum Order, the facts, taken from Plaintiff's Complaint, are as follows:

Plaintiff is a 62 year old female. Doc. No. 1, ¶ 4. She was employed by BC International, as the fur salon manager, at Saks Fifth Avenue, formerly located in downtown Pittsburgh, from November 22, 2009, until October 25, 2011. Id. at ¶¶ 4, 6. Ms. Peter was a General Store Manager at the downtown Pittsburgh Saks Fifth Avenue. Id. at ¶ 11. Mr. Raptis was Plaintiff's immediate supervisor at Defendant BC International. Id. at ¶ 12.

Prior to working in Saks Fifth Avenue's fur salon, Plaintiff worked in a fur salon in Macy's at Ross Park Mall. Id. at ¶ 13. Plaintiff transferred to Saks Fifth Avenue after Mr. Raptis asked her to transfer to a downtown location. Id. Mr. Raptis told Plaintiff that "she could come back if she did not like working at Saks" Fifth Avenue. Id. While working at Saks Fifth Avenue, Plaintiff experienced the following from Ms. Peter: (1) unwanted and unsolicited sexual advances; (2) comments on her physical form (including breast size); (3) invitations to Ms. Peter's home; and (4) unwanted touching including hugs and embraces. Id. at ¶¶ 14-17. Ms. Peter's advances and harassment continued and worsened between March and November 2010. Id. at ¶ 18. When Plaintiff rebuffed Ms. Peter's advances, Ms. Peter refused to work with Plaintiff or assist her with her job which made Plaintiff appear incapable. Id. at ¶ 21. Plaintiff told Ms. Peter to stop her behavior but did not report it to others because she was intimidated and feared further retaliation. Id. at ¶ 22.

Plaintiff applied for a transfer to another store at least seven (7) times through her immediate supervisor, Mr. Raptis. Id. at ¶ 22. Despite promising Plaintiff that she could return to another store if she did not like working at Saks Fifth Avenue, Mr. Raptis denied all of Plaintiff's requests. Id. at ¶ 22.

Plaintiff put in a request to have off from work on October 25, 2011, off from work as a personal day. Id. at ¶ 24. Plaintiff was not aware that her request was not approved. Id. Plaintiff's previous requests for personal vacation days had never been refused. Id. Plaintiff's Assistant Manager for BC International, Sierra Nikolai, phoned Plaintiff when she did not report to work and informed her that she was terminated. Id. Ms. Peter was aware of Plaintiff's termination 45 minutes before Plaintiff was terminated. Id. at ¶ 25. Plaintiff was terminated even though other employees who had done more egregious things had not been terminated (e.g., a 41 year old woman was transferred to another store when it was discovered that she was stealing merchandise from Saks Fifth Avenue). Id. at ¶ 26. The 41 year old woman had been caught stealing had a sexual relationship with Mr. Raptis. Id.

Plaintiff has alleges the following six causes of action: (1) Count I: gender discrimination under Title VII and age discrimination under the ADEA against Defendant BC International; (2) Count II: retaliation against Defendant BC International; (3) Count III: gender discrimination under Title VII and age discrimination under the ADEA against Defendant Saks Fifth Avenue; (4) Count IV: retaliation against Defendant Saks Fifth Avenue; (5) Count V: employment discrimination under the Pennsylvania Human Rights Act ("PHRA") against Defendants BC International and Saks Fifth Avenue; and (6) Count 6: aiding and abetting employment discrimination under the PHRA against Defendants Peter and Raptis. Doc. No. 1.

*III.    Standard of Review*

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits.

4

*Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

IV.   Discussion

  A. *Motion to Dismiss of BC International and John Raptis (Doc. No. 12)*

Plaintiff alleges three causes of action against Defendant BC International: gender discrimination in violation of Title VII and age discrimination under the ADEA (Count I); retaliation (Count II); and a pendent state claim of employment discrimination under the PHRA (Count V). Doc. No. 1. Plaintiff alleges one state claim of aiding and abetting employment discrimination under the PHRA against Defendant Raptis (Count VI). Id. Defendants move this Court to dismiss all claims against them with prejudice. Doc. No. 13.

  B. *Gender Discrimination under Title VII and the PHRA (Counts I and V)*

First, Defendant BC International contends that Plaintiff has failed to state a claim for gender discrimination under Title VII and the PHRA and therefore, Counts I and V must be dismissed. Doc. No. 13, 4. To state a claim for gender discrimination resulting from a hostile work environment, a plaintiff must demonstrate that: (1) he/she suffered intentional discrimination because of gender; (2) the discrimination was severe or pervasive; (4) the discrimination would have detrimentally affected a reasonable person in similar circumstances;

5

and (5) respondent superior liability. *Ocasio v. Lehigh Valley Family Health Crt.*, 92 F.App'x 876, 879 (3d Cir. 2004).

BC International argues that it cannot be held liable for any harassment because Plaintiff was discriminated against by a non-BC International employee and BC International was not aware of any such discrimination. Doc. No. 13, 5. Plaintiff admittedly did not report any discrimination to BC International. Doc. No. 1, ¶ 22. Plaintiff has pled that she was not aware of any sexual harassment policy or complaint system concerning sexual harassment that BC International had in place and further, she was aware that Mr. Raptis had an ongoing sexual relationship with another BC International sales associate, who had stolen merchandise from Saks Fifth Avenue.[1] Doc. No. 1, ¶¶ 26-28. Therefore, Plaintiff contends that she was afraid to report the harassment and discrimination to Mr. Raptis because she knew that Saks Fifth Avenue was one of BC International's valued clients. Doc. No. 18-1, 12. Plaintiff also repeatedly asked to be transferred and Mr. Raptis denied all of Plaintiff's requests. Doc. No. 1, ¶ 22. It is not unreasonable to believe that discovery could lead to evidence that would support Plaintiff's contention that these repeated requests to transfer should have put Mr. Raptis and BC International on notice that harassment was occurring.

Although it may be a close determination, the Court believes that Plaintiff has pled sufficient facts, at this stage, to survive a Motion to Dismiss. There is a reasonable expectation that discovery will reveal supporting evidence for the necessary elements, including that BC International "knew or should have known about the harassment, but failed to take prompt remedial action." *See generally Andreoli v. Gates*, 482 F.3d 641 (3d Cir. 2007).

---

[1] In its Reply brief, Defendant BC International asserts that it did have a policy of non-discrimination and non-harassment that "[P]laintiff was aware of and should have used." Doc. No. 27, 3. This argument is more akin to one on in support for a Motion for Summary Judgment and the Court declines to address it at this time.

### C. Age Discrimination under the ADEA and the PHRA (Counts I and V)

Secondly, Defendant BC International contends that Plaintiff has failed to state a claim for age discrimination under the ADEA and the PHRA and therefore, Counts I and V must be dismissed. Doc. No. 13, 6. Pursuant to 29 U.S.C. § 623(a)(1), it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." Here, Plaintiff has not alleged sufficient factual averments to support a claim for age discrimination under the ADEA or PHRA. The only factual averments which pertain to age discrimination are that Plaintiff was over 40 years old at the time of her employment and that she was terminated from employment. Doc. No. 1, ¶¶ 4, 24. Plaintiff has not addressed this claim in her Response in Opposition to Defendant BC International's Motion to Dismiss. Doc. No. 18.

Accordingly, the Court will grant Defendant's Motion in this regard. Because the Court may not definitively say that any amendment would be futile, Plaintiff may, but is not required to, file an Amended Complaint as to this claim.

### D. Retaliation under Title VII and the ADEA (Count II)

Thirdly, Defendant BC contends that Plaintiff has failed to state a claim for retaliation under Title VII and the ADEA as set forth in Count II. According to the applicable case law, to prove a claim for retaliation pursuant to Title VII, a Plaintiff must demonstrate that: (1) he/she engaged in protected conduct under Title VII; (2) adverse action was taken by the employer because of the protected activity; and (3) a causal link exists between the protected conduct and the employer's adverse action. *Weston v. Pennsylvania*, 251 F.3d 420, 430 (3d Cir. 2001). Plaintiff has not pled sufficient factual averments which would lead this Court to believe that

discovery would reveal evidence of the necessary elements of this claim. Specifically, there is no allegation that Plaintiff engaged in a protected activity (ex. filing a charge with the PHRA). Therefore, Plaintiff's claim for retaliation will be dismissed, albeit without prejudice.

   *E. Aiding and Abetting Employment Discrimination in Violation of the PHRA Defendant Raptis (Count VI)*

Defendant Raptis contends that Plaintiff's claim under the aiding and abetting provision of the PHRA must be dismissed because Plaintiff has failed to exhaust her administrative remedies. Doc. No. 13, 9. Specifically, Mr. Raptis contends that because he was not named as a "respondent" in Plaintiff's administrative complaint, Plaintiff failed to appropriately bring a Complaint against him within 180 days of the alleged act of discrimination. Doc. No. 13, 9-10.

The Court notes that Mr. Raptis was specifically named in the text of Plaintiff's charge. Plaintiff noted Mr. Raptis' allegedly retaliatory action of refusing Plaintiff's request to transfer to another store. Doc. No. 18-1, 4. It is uncontested that this charge was filed within the prescribed time limits. Therefore, the Court declines to dismiss Mr. Raptis from this suit because he was not named as a respondent in Plaintiff's *pro se* charge. Accordingly, Defendants' Motion to Dismiss will be denied as to Count VI.

   *F. Motion to Dismiss of Saks Fifth Avenue (Doc. No. 9)*

Defendant Saks Fifth Avenue contends that all claims against it must be dismissed because Plaintiff has failed to allege that Saks was her employer. Doc. No. 10. The Court agrees with Defendant that under the provisions of Title VII, the ADEA, and PHRA, only "employers" may be liable for acts of discrimination. See 42 U.S.C. § 2000e-2; 29 U.S.C. § 623; 43 Pa.C.S. § 955(a). Saks Fifth Avenue posits that Plaintiff failed to allege that Saks Fifth Avenue was her employer and therefore, it cannot be held liable for any discrimination that she may have experienced. Doc. No. 10, 5.

Both parties cite *In re: Enterprise Rent-a-Car Wage & Hour Employment Practices Litigation*, 683 F.3d 462 (3d Cir. 2012) and factors which the United States Court of Appeals for the Third Circuit has identified for District Courts to apply to determine if a party is an "employer" to support their respective positions. The Court finds that it is not appropriate to grant Saks Fifth Avenue's Motion to Dismiss at this stage because Plaintiff has pled sufficient facts that Ms. Peter, an employee of Saks, had influence on her firing (ex. Ms. Peter knew about Plaintiff's firing before Plaintiff did, Doc. No. ¶ 25) and was subjected to retaliatory action which affected Plaintiff's work conditions (ex. refusing to work with Plaintiff or assist her with her job after she rebutted the harassment, Doc. No. 1, ¶ 21). Such allegations, viewed in the light most favorable to Plaintiff, support Plaintiff's belief that Saks Fifth Avenue was akin to an employer because Ms. Peter had the authority to promulgate work rules and set the conditions of her employment and was involved in her day-to-day supervision. At this stage, Plaintiff's allegations are sufficient to permit discovery to proceed because it is reasonable to expect that evidence will be uncovered that will support the elements of Plaintiff's claims against Saks Fifth Avenue. Therefore, Defendant Saks Fifth Avenue's Motion to Dismiss will be denied.

V.     *Conclusion/Order*

AND NOW, this 16th day of May, 2013, IT IS HEREBY ORDERED THAT:

(1) Defendant Saks Fifth Avenue's Motion to Dismiss (Doc. No. 9) is **DENIED**; and
(2) Defendant BC International and John Raptis' Motion to Dismiss (Doc. No. 12) is **GRANTED IN PART AND DENIED IN PART**. Defendant's Motion to Dismiss is denied in all respects except as to Plaintiff's claims for age discrimination (Count I) and retaliation (Count II). Plaintiff's claims against Defendant BC International for age

discrimination and retaliation (contained within Counts I and II) are **DISMISSED WITHOUT PREJUDICE**.

(3) Plaintiff may file an Amended Complaint, as to her claims for age discrimination and/or retaliation, on or before May 31, 2013; and

(4) Defendants shall file a responsive pleading on or before June 7, 2013.

                                                    s/ Arthur J. Schwab
                                                    Arthur J. Schwab
                                                    United States District Judge

cc:      All Registered ECF Counsel and Parties